IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| W.A. GRIFFIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:16-cv-02022-AT |
| CRESTLINE HOTELS & RESORTS, LLC; ) | |
| et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Consolidated/Joint Discovery Statement**

Pursuant to **Paragraph e** of Judge Totenberg's Standing Order, the parties hereby submit a **Consolidated/Joint Discovery Statement** outlining their discovery dispute.

**Dispute No. 1- Plaintiff's Answer to Defendants' First Set of Interrogatories**

**Defendants' Position**

On May 3, 2017, Defendants served Plaintiff with their First Set of Interrogatories and Requests for Production of Documents. Defendants' First Set of Interrogatories consisted of 11 Interrogatories. Defendants' First Set of Requests for Production of Documents consisted of 8 Requests. Responses to Defendants' first set of written discovery were originally due on June 5, 2017. Plaintiff failed to serve responses by June 5, 2017 or seek an extension by which to do so. Accordingly, Plaintiff waived all objections to Defendants' discovery requests. On June 12, 2017, Defendants sent Plaintiff a letter pursuant to FRCP 37 requesting responses to the outstanding written discovery no later than June 19, 2017. Plaintiff agreed to respond to the outstanding written discovery by June 19, 2017.

On June 19, 2017, Plaintiff emailed her "response" to Defendants First Set of Interrogatories. *See* Exhibit A, Defendants' First Set of Interrogatories; *see also* Exhibit B, Plaintiff's response. As her response to Interrogatory Nos. 1 through 7, Plaintiff' provides the following objection: "Plaintiff objects to this request because upon information and belief Defendants already have this information in their possession." Plaintiff failed to provide any response to Interrogatory Nos 8 through 11.

Plaintiff's responses are deficient. First, Plaintiff's objections were not timely, and therefore are waived. *In re U.S.,* 864 F.2d 113, 1156 (5th Cir. 1989) (holding that in the absence of an extension of time for good cause, the failure of a party to object timely to interrogatories,

production requests, or other discovery efforts constitutes a waiver of any objections the responding party may have.)

Second, Plaintiff's objections are improper. The responses provide no basis for why Plaintiff believes that Defendants are already in possession of the information requested, a description of the information Plaintiff claims to be in Defendants' possession, when it was provided, and whether the information is complete. "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4); *see also McKinstry v. IKON Office Solutions, Inc.,* No. 1:05-CV-3119-CC-AJB (N.D. Ga. Aug. 10, 2006) (requiring production of documents where party objected to requests as duplicative alleging the requesting party already had the information.)

A cursory review of the Interrogatories reveal that they go directly towards the merits Plaintiff's promissory estoppel claim and are probative to Defendants' defenses to Plaintiffs' claim. *See* FRCP 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...")  In assessing relevance, the Court must "focus on the specific claim or defense alleged in the pleadings." *System Fuels, Inc. v. United States,* 73 Fed. Cl. 206, 215 (2006) (internal quotation marks omitted).  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

- Interrogatory No. 1 requests the person's name, address and telephone of all persons providing information used to answer the interrogatories.

- Interrogatory No. 2 requests information pertaining to the damages Plaintiff seeks.

- Interrogatory No. 3 requests Plaintiff identify any persons Plaintiff believes to have knowledge or information relevant to her claim.

- Interrogatory No. 4 requests Plaintiff to identify all persons with whom Plaintiff had any communication or contact with regarding the matters at issue.

- Interrogatory No. 5 requests Plaintiff disclose prior legal or administrative actions.

- Interrogatory No. 6. Requests Plaintiff identify any expert or opinion witness she intends to call at trial.

- Interrogatory No. 7 requests Plaintiff identify the witness she intends to call at trial.

As stated above, Plaintiff ignored Interrogatories 8 through 11.  However, they, too, go directly towards the merits of Plaintiff's promissory estoppel claim and are probative to Defendants' defenses to Plaintiffs' claim.

- Interrogatory No. 8 requests the identity of the "staff" member Plaintiff refers to in her Complaint that she alleges called the "1-800 number on the back of the Crestline and

      Blue Cross member I.D. card to verify that the plan had coverage for out of network services."

- Interrogatory No. 9 requests the identity of "Crestline's claims agent" referenced in Complaint ¶ 5 that "promised" Plaintiff's staff member that "N.R. was eligible for services covered at the Usual Customary and Reasonable (UCR) benefit level."

- Interrogatory No. 10 requests Plaintiff to identify of "all "promises" made directly to Plaintiff Griffin by any agent or representative from Defendants. Include in your answer the promisor, the date the promise(s) was made, the approximate time the promise(s) was made, the contents of the promise, and whether written or oral."

- Interrogatory No. 12 requests Plaintiff to identify the telephone number and carrier for the telephone used to call the "1-800 number on the back of the Crestline and Blue Cross member I.D. card" as referenced in Complaint ¶ 5. This information is necessary in order for Defendants to subpoena the telephone records.

      Defendants are entitled to responses to the aforementioned Interrogatories as they go directly to the merits of Plaintiff's promissory estoppel claim and are probative to Defendants' defenses to Plaintiffs' claims. Further, the Interrogatories fail to include a verification.

      Defendants alerted Plaintiff of the deficiencies on June 19, 2017, to which Plaintiff responded "Contact the Judges chamber because nothing will change on my end."

      All information requested is relevant to the merits and/or defenses of Plaintiff's promissory estoppel claim. Plaintiff provides no basis for her objection. As such, Defendants seek an Order from the Court compelling Plaintiff to answer the interrogatories and/or for other such relief the Court deems appropriate.

      **Plaintiffs' Position (see Dispute No. 4)**

**Dispute No. 2- Plaintiff's Responses to Defendants' First Set of Requests to Produce**

      **Defendants' Position**

      In addition to the Interrogatory responses, Plaintiff provided similar, and untimely, objections to Defendants' First Set of Requests to Produce. In response to Requests Nos. 1, 4-7, Plaintiff objected to each of these requests "because upon information and belief Defendants already have this information in their possession." For each Response, Plaintiff failed to provide any basis to support her objection. Defendants are entitled to the requested documents as the requested documents are relevant to the merits of Plaintiff's promissory estoppel claim and/or are probative to Defendants' defenses to Plaintiffs' claims. *See* Exhibit C, Defendants' First Set of Request to Produce; *see also* Exhibit D, Plaintiff's Response to Defendants' First Set of Requests to Produce.

      Request No. 1 requests documents relied upon in answering the interrogatories.

3

Request No. 4 requests documents that memorialize or summarize statements or communications made by any person who has knowledge of facts relating to the Complaint or whom Plaintiff believes has knowledge of facts relating to the Complaint.

Request No. 5 seeks all documents not produced in response to another request that relate to, bear upon, support, refute or provide information concerning the matters and allegations set forth in the Complaint.

Request No. 6 seeks all documents supporting Plaintiff's claim for damages.

Request No. 7 seeks all documents related to any and all lawsuits, arbitrations, judicial proceedings, and/or administrative proceedings that Plaintiff has been a party to in the last five years.

Defendants are entitled to the requested documents as they are relevant to the merits and/or defenses of Plaintiff's promissory estoppel claim. *See* FRCP 26(b)(1); *System Fuels, Inc.,* 73 Fed. Cl. 206 at 215; see also *Oppenheimer Fund, Inc.,* 437 U.S. at 351 (*infra.*).Defendants seek an Order compelling Plaintiff to produce the requested documents and/or for other such relief the Court deems appropriate.

**Plaintiffs' Position (see Dispute No. 4)**

**Dispute No. 3- Plaintiff's Notice of Deposition**

**Defendants' Position**

On June 15, 2017, Plaintiff sent a Notice of Deposition of "Defendant CareFirst BlueCross BlueShield" to Defendants' counsel. *See* Exhibit E. Defendants' counsel informed Plaintiff that the Notice of Deposition was defective because it was not in compliance with FRCP 30(b)(6) as the notice failed to "describe with reasonable particularity the matters for examinations." FRCP 30(b)(6). Second, any deposition of CareFirst's corporate representative must take place at the deponent's principal place of business, in Fairfax, Virginia. *See Grey v. Continental Marketing Associates, Inc*., 315 F.Supp. 826 (N.D. Ga. 1970) (holding that Plaintiff may "arrange to take depositions at a time when [non-resident] defendants will be in this state, if possible, but otherwise plaintiff must take any depositions he wishes at the defendants' residence or place of business"); *see Muchnicki v. Windsor,* Case No. 1-13-cv-01304-TWT (N.D. Ga. Apr. 14, 2014) (holding that it is a "well-established presumption that the 30(b)(6) deposition of a corporation should ordinarily be taken at its principal place of business.") *see also Wright and Miller*, Vol. 8A at §2112. Defendants' requested Plaintiff amend the deposition notice to comply with the Federal Rules of Civil Procedure and practice. Plaintiff has failed to do so. As written, Defendants have no way of determining the scope of topics to be discussed, and cannot therefore determine the appropriate deponent(s).

Further, Plaintiff's claim is a claim for promissory estoppel. To prevail on a promissory estoppel claim, Plaintiff must demonstrate that: (1) Defendant(s) made certain promises; (2) Defendant(s) should have expected the plaintiff to rely on such promises; and (3) Plaintiff relied on those promises to her detriment. Ignoring the fact that a valid contract governs the benefits at issue, here, effectively defeating Plaintiff's claim for promissory estoppel, it is unclear what

information Defendant's Corporate Representative would be able to provide relevant to a determination of the narrow issues surrounding Plaintiff's promissory estoppel claim. Defendants request an Order from the Court requiring Plaintiff to describe with reasonable particularity the matters for examination, that the topics be narrowly tailored to include only issues surrounding Plaintiff's promissory estoppel claim, and that the deposition be ordered to proceed near or at Defendant's principal place of business.

**Plaintiffs' Position (see Dispute No. 4)**

**Dispute No. 4- Defendants' Responses to Plaintiff's First Set of Request to Produce**

**Plaintiff's Position**

On April 21, 2017, Plaintiff submitted discovery request to Defendants that were not honored . Yet, Defendants have an issue with Plaintiff's Discovery Request? CareFirst & Crestline cannot have the cake and eat it too. Dr. Griffin is fed up with one-way discovery procedures. If these Defendants want data from this Plaintiff, it must be reciprocated. For example, below is the pathetic response to Dr. Griffin's discovery request.

**REQUEST NO. 1**: Please produce every rate table, fee schedule, and methodology used to calculate the usual, customary, and reasonable benefit payment for cpt code 99215 in geographic zip code 30308 for the Crestline Blue Choice Advantage 90/70 plan year 2016. Please present the data with UCR bench marks at the standard percentiles such as 50th, 60th, 70th, 75th, 80th, 85th, 90th, and 95th percentiles for the geographic zip code 30308.

RESPONSE: Defendants object to this request because it assumes facts not in evidence, specifically that the plan applies a "usual, customary, and reasonable" rate for covered services. Defendants further object to this Request because the information sought is irrelevant because the plan specifies how claims are processed. Defendants further object to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the work product doctrine. Defendants are not withholding responsive documents on the bases of these objections at this time. Subject to and without waiving its objections, Defendants state that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program. Defendants refer Plaintiff to the plan documents, bates labeled C 025866-000070- 000001 through C 025866-000070-000163. Defendants further refer Plaintiff to the Explanation of Benefits, bates labeled C 025866-000070-000164 through C 025866-000070-000167.

**REQUEST NO. 2**: Please produce every rate table, fee schedule and methodology used to calculate the usual, customary, and reasonable benefit payment for cpt code 88305 in geographic zip code 30308 for the Crestline Blue Choice Advantage 90/70 plan year 2016. Please present the data with UCR bench marks at the standard percentiles such as 50th, 60th, 70th, 75th, 80th, 85th, 90th, and 95th percentiles for the geographic zip code 30308.

5

RESPONSE: Defendants object to this request because it assumes facts not in evidence, specifically that the plan applies a "usual, customary, and reasonable" rate for covered services. Defendants further object to this Request because the information sought is irrelevant because the plan specifies how claims are processed. Defendants further object to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the work product doctrine. Defendants are not withholding responsive documents on the bases of these objections at this time. Subject to and without waiving its objections, Defendants state that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program. Defendants refer Plaintiff to the plan documents, bates labeled C 025866-000070- 000001 through C 025866-000070-000163. Defendants further refer Plaintiff to the Explanation of Benefits, bates labeled C 025866-000070-000164 through C 025866-000070-000167.

**REQUEST NO. 3:** Please produce every rate table, fee schedule and methodology used to calculate the usual, customary, and reasonable benefit payment for cpt code 88312 in geographic zip code 30308 for the the Crestline Blue Choice Advantage 90/70 plan year 2016. Please present the data with UCR bench marks at the standard percentiles such as 50th, 60th, 70th, 75th, 80th, 85th, 90th, and 95th percentiles for the geographic zip code 30308.

RESPONSE: Defendants object to this request because it assumes facts not in evidence, specifically that the plan applies a "usual, customary, and reasonable" rate for covered services. Defendants further object to this Request because the information sought is irrelevant because the plan specifies how claims are processed. Defendants further object to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the work product doctrine. Defendants are not withholding responsive documents on the bases of these objections at this time. Subject to and without waiving its objections, Defendants state that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program. Defendants refer Plaintiff to the plan documents, bates labeled C 025866-000070- 000001 through C 025866-000070-000163. Defendants further refer Plaintiff to the Explanation of Benefits, bates labeled C 025866-000070-000164 through C 025866-000070-000167.

**REQUEST NO. 4:** Please produce every rate table, fee schedule and methodology used to calculate the usual, customary, and reasonable benefit payment for cpt code 27059 in geographic zip code 30308 for the Crestline Blue Choice Advantage 90/70 plan year 2016. Please present the data with UCR bench marks at the standard percentiles such as 50th, 60th, 70th, 75th, 80th, 85th, 90th, and 95th percentiles for the geographic zip code 30308

RESPONSE: Defendants object to this request because it assumes facts not in evidence, specifically that the plan applies a "usual, customary, and reasonable" rate for covered services. Defendants further object to this Request because the information sought is irrelevant because the plan specifies how claims are processed. Defendants further object to this request to the

extent it seeks documents protected from disclosure by attorney-client privilege and/or the work product doctrine. Defendants are not withholding responsive documents on the bases of these objections at this time. Subject to and without waiving its objections, Defendants state that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program. Defendants refer Plaintiff to the plan documents, bates labeled C 025866-000070- 000001 through C 025866-000070-000163. Defendants further refer Plaintiff to the Explanation of Benefits, bates labeled C 025866-000070-000164 through C 025866-000070-000167.

**REQUEST NO. 5**: Please produce every rate table, fee schedule and methodology used to calculate the usual, customary, and reasonable benefit payment for cpt code 14040 in geographic zip code 30308 for the the Crestline Blue Choice Advantage 90/70 plan year 2016 . Please present the data with UCR bench marks at the standard percentiles such as 50th, 60th, 70th, 75th, 80th, 85th, 90th, and 95th percentiles for the geographic zip code 30308.

RESPONSE: Defendants object to this request because it assumes facts not in evidence, specifically that the plan applies a "usual, customary, and reasonable" rate for covered services. Defendants further object to this Request because the information sought is irrelevant because the plan specifies how claims are processed. Defendants further object to this request to the extent it seeks documents protected from disclosure by attorney-client privilege and/or the work product doctrine. Defendants are not withholding responsive documents on the bases of these objections at this time. Subject to and without waiving its objections, Defendants state that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program. Defendants refer Plaintiff to the plan documents, bates labeled C 025866-000070- 000001 through C 025866-000070-000163. Defendants further refer Plaintiff to the Explanation of Benefits, bates labeled C 025866-000070-000164 through C 025866-000070-000167.

**Defendants' Position**

A review of Plaintiff's Requests and Defendants' Responses quoted above show that Defendants responded directly to Plaintiff's specific requests for documents. Each request sought "every rate table, fee schedule, and methodology used to calculate the usual, customary, and reasonable benefit payment for" a specific cpt code "in geographic zip code 30308 for the Crestline Blue Choice Advantage 90/70 plan year 2016." As explained in their responses, Defendants acknowledged that no responsive documents exist because the Crestline Blue Choice Advantage 90/70 plan for year 2016 utilized host plan pricing through the BlueCard program and not a "usual, customary, and reasonable" rate. In support of their responses, Defendants produced the plan documents and Explanation of Benefits.

DATED:  July 13, 2017

| | |
|---|---|
| *s/ W. A, Griffin, MD (with permission)*<br>W. A, Griffin, MD<br>550 Peachtree Street, N.E. Suite 1490<br>Atlanta, Georgia 30308<br><br>Plaintiff | By: *Julie M. Kamps*<br>Amanda A. Sonneborn<br>asonneborn@seyfarth.com<br>Julie M. Kamps, Bar No. 6286872<br>jkamps@seyfarth.com<br><br>SEYFARTH SHAW LLP<br>233 South Wacker Drive<br>Suite 8000<br>Chicago, Illinois  60606-6448<br>Telephone:          (312) 460-5000<br>Facsimile: (312) 460-7000<br><br>Alex Drummond<br>adrummond@seyfarth.com<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street, N.E.<br>Suite 2500<br>Atlanta, GA  30309-3958<br>Telephone:          (404) 885-1500<br>Facsimile: (404) 892-7056<br><br>Attorneys for Defendants |